**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO | ) ) ) ) ) ) ) ) ) | CIVIL ACTION  NO. |
| Plaintiffs, | ) ) | JUDGE: |
| v. | ) ) | |
| Rock Solid Paving & Excavating, Inc., a dissolved Indiana corporation; and Hugh Graham; an Individual; | ) ) ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiffs, Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union") bring this action to collect Funds and CRF contributions from Defendants Rock Solid Paving & Excavating, Inc., a dissolved Indiana Corporation ("Rock Solid") and Hugh Graham, an individual.

## **COUNT I.  SUIT FOR DELINQUENT CONTRIBUTIONS**

### **Facts Common to All Counts**

1.      The Union is an "employee organization" under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a "labor organization" under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2.      Defendant Rock Solid, is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry.

3.      Rock Solid identified Hugh Graham as President, Incorporator and Registered Agent and Tracy Graham as Secretary. (Exhibit A).

4.      On June 16, 2011, Rock Solid through Hugh Graham signed a Memorandum of Agreement (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("CBA") known as the Northern Indiana Independent Contractors Group Agreement.  (attached as Exhibit C).

5.      The CBA and the Agreements and Declarations of Trust incorporated therein require Rock Solid to make fringe benefit contributions to the Funds.  The Funds are "employee benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002(3).

6.      The CBA and Trust Agreements specifically require Rock Solid to:

(a)     Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b)     Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c)     Pay interest to compensate the Funds for the loss of investment income;

(d)     Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all

2

costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e)     Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f)     Furnish to the Funds a bond in an amount acceptable to the Funds.

7.     The CBA also requires Rock Solid to make contributions to CRF. CRF is a labor management committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9). The CBA places the same obligations on Rock Solid with respect to CRF as it does the Funds.

8.     In order to forestall the filing of a lawsuit, Rock Solid and Hugh Graham executed a Payment Plan Agreement (on September 22, 2009) ("First Payment Plan") (Exhibit D). In the First Payment Plan, Rock Solid agreed to make installment payments of the delinquent sums that it owed to the Funds and CRF. Rock Solid and Hugh Graham further agreed to submit forthcoming monthly reports, and contributions timely. Hugh Graham agreed to accept personal liability for any amounts owed by Rock Solid.

9.     On November 18, 2011, Rock Solid executed a second Payment Plan, again in order to forestall the filing of a lawsuit ("Second Payment Plan") (Exhibit E). In the Second Payment Plan, Rock Solid agreed to make installment payments of the delinquent sums that it owed to the Funds and CRF. Rock Solid further agreed to submit forthcoming monthly reports and contributions, timely. On March 30, 2012, Hugh Graham agreed to accept personal liability for any amounts owed by Rock Solid. (Exhibit E).

10.     Rock Solid has become delinquent in the submission of its reports and contributions due to the Funds and CRF. As a result of this delinquency Rock Solid owes the Funds and CRF contributions, liquidated damages, and interest.

3

**Jurisdiction and Venue**

11.     This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

12.     Venue is proper in this Court pursuant to ERISA, 29 U.S.C. §1132, because the Funds are administered in Cook County, Illinois.

**Allegations of Violations**

13.     ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

14.     Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs.  29 U.S.C. § 1132(g)(2) also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds.  Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

15.     Rock Solid has violated ERISA and breached the CBA and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds and refused to pay liquidated damages and interest that has accrued.

16.     Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Rock Solid there is a total of $220,998.24 known to be due the Funds from Rock Solid, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

4

WHEREFORE, the Funds respectfully request that the Court:

A.     Enter judgment in favor of the Funds and against Rock Solid for all unpaid contributions as identified in Rock Solid's contribution reports;

B.     Enjoin Rock Solid to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C.     Enjoin Rock Solid at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Rock Solid owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Rock Solid to pay any contributions reasonably estimated to be due by the Funds for the period when Rock Solid failed and refused to timely submit contribution reports;

D.     Enter judgment against Rock Solid and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E.     Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Rock Solid's cost.

## **COUNT II.  SUIT FOR BREACH OF PAYMENT PLAN**

1-10    The Funds, CRF, and the Union re-allege and incorporate herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

### **Jurisdiction and Venue**

11.     This Court has jurisdiction over this action pursuant to §301 of the LMRA, 29 U.S.C. §185, because each Plaintiff maintains its principal office in Cook County, and because the Payment Plan is an extension of the CBA.

12.     Venue is proper in this Court pursuant to 29 U.S.C. §185(a) because the Funds, CRF and the Union each has its principal office in Cook County, Illinois; the Court has jurisdiction over the parties; and the Payment Plans were partly executed and some of the performance took place in Cook County, Illinois.

**Allegations of Violations**

13.     Rock Solid has breached its obligations under the First and Second Payment Plans because it has failed to make its installment payments timely, and has failed to submit its monthly reports, and contributions. Rock Solid has failed to pay liquidated damages and interest that has accrued.  As a result of such breaches, the Funds and CRF are entitled to all amounts identified as due in the Second Payment Plan, and all sums that became due following the execution of the Second Payment Plan.  Additionally, the Funds and CRF are entitled to interest as a consequence of entry of judgment.

14.     That upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Rock Solid, there is a total of $224,021.70 known to be due the Funds and CRF from Rock Solid, before the assessment of attorneys' fees and costs subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Rock Solid owes additional contributions and dues not yet identified by Rock Solid in its remittance reports.

WHEREFORE, the Funds, CRF and the Union respectfully request that Court enter:

A.     Enter judgment in favor of the Funds and CRF for all unpaid contributions;

B.     Enjoin Rock Solid to perform specifically its obligations to the Funds, and CRF including submission of the required reports and contributions due thereon to the Funds and CRF in a timely fashion as required by the plans and by ERISA;

C.     Enter judgment against Rock Solid and in favor of the Funds and CRF for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

D.     Provide the Funds and CRF with such further relief as may be deemed just and equitable by the Court, all at Rock Solid's and Hugh Graham's cost.

## COUNT III. SUIT TO ENFORCE PERSONAL GUARANTEE

1-10    The Funds, CRF and the Union re-allege and incorporate herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

### Jurisdiction and Venue

11.    This Court has jurisdiction over this action pursuant to §301 of the LMRA, 29 U.S.C. §185, because each Plaintiff maintains its principal office in Cook County, and because the Payment Plan is an extension of the CBA.

12.    Venue is proper in this Court pursuant to 29 U.S.C. §185(a) because the Funds, CRF and the Union each has its principal office in Cook County, Illinois; the Court has jurisdiction over the parties; and the Payment Plans were partly executed and some of the performance took place in Cook County, Illinois.

### Allegations of Violations

13.    Hugh Graham signed two Payment Plans and agreed to be personally liable for the amounts owed to the Funds and CRF.

14.    Rock Solid and Hugh Graham have breached their obligations under the Payment Plans because they have failed to make installment payments timely, and failed to submit monthly reports and contributions, timely. Rock Solid and Hugh Graham have failed to pay liquidated damages and interest that have accrued.  As a result of such breaches, the Funds and CRF are entitled under the Payment Plans to all amounts identified as due in the Second Payment Plan, and all sums that became due following the execution of the Second Payment Plan.

15.    That upon careful review of all records, and after application of any and all partial payments made by Rock Solid and Hugh Graham, there is a total of $224,021.70 known to be due to the Funds and CRF from Hugh Graham, before the assessment of attorneys' fees and costs, and subject to the possibility that additional contributions, interest, and liquidated damages

7

will become due while this lawsuit is pending, and/or the possibility that Rock Solid, and Hugh

Graham owe additional contributions and not yet identified in the remittance reports.

WHEREFORE, the Funds CRF, and the Union respectfully request that Court:

A.     Enter judgment against Hugh Graham in favor of the Funds and CRF for all unpaid contributions;

B.     Enjoin Hugh Graham to perform specifically its obligations to the Fund and CRF, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C.     Enter judgment against Hugh Graham and in favor of the Funds and CRF for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

D.     Provide the Funds and CRF such further relief as may be deemed just and equitable by the Court, all at Hugh Graham's cost.

## COUNT IV. SUIT TO COLLECT CRF CONTRIBUTIONS

1-10.   CRF re-alleges and incorporates herein by reference paragraphs 1 through 10 of

Count I as if fully stated herein.

### Jurisdiction and Venue

11.     This Court has jurisdiction over this action pursuant to § 301 of the LMRA,

29 U.S.C. § 185 because CRF maintains its principal office in Cook County, Illinois.

12.     Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court

has jurisdiction over the parties, and CRF's principal office is located within the geographic

jurisdiction of this Court.

### Allegations of Violations

13.     Rock Solid has not submitted all of its contribution reports to CRF.  Rock Solid

has failed to make timely payment of all contributions acknowledged to be due according to

Rock Solid's own contribution reports and the CBA, and Rock Solid has failed to pay interest

8

and liquidated damages required by the CBA. Accordingly, Rock Solid is in breach of its obligations to the CRF under the CBA.

14. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Rock Solid, there is a total of $3,023.46 known to be due to CRF from Rock Solid subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A. Enter judgment in favor of CRF and against Rock Solid for all unpaid contributions;

B. Enjoin Rock Solid to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBA;

C. Enter judgment against Rock Solid and in favor of CRF for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

D. Award CRF such further relief as may be deemed just and equitable by the Court, all at Rock Solid's cost.

Dated: July 18, 2018                              Respectfully submitted,

                                                  By:  /s/ Steven A. Davidson
                                                  One of the Attorneys for the Plaintiffs

Attorneys for Local 150:                          Attorney for the Funds:

Dale D. Pierson                                   Steven A. Davidson
Steven A. Davidson                                Institute for Worker Welfare, P.C.
Local 150 Legal Dept.                             6141 Joliet Road
6140 Joliet Road                                  Countryside, IL 60525
Countryside, IL 60525                             Ph: (708) 579-6613
Ph: (708) 579-6663                                Fx: (708) 588-1647
Fx: (708) 588-1647                                sdavidson@local150.org
dpierson@local150.org
sdavidson@local150.org